**[J-73-2016] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 37 EAP 2015 |
| | : | |
| Appellee | : | Appeal from the Judgment of Superior |
| | : | Court entered on 05/12/15 at No. 532 |
| | : | EDA 2011 reversing the order entered |
| v. | : | on 08/06/08 in the Court of Common |
| | : | Pleas Philadelphia County, Criminal |
| | : | Division, at Nos. CP-51-0711021, |
| TERRANCE WASHINGTON, | : | 0711141, and 1009712-1996 and CP- |
| | : | 51-CR-1107481, 1107621, 1107651 |
| Appellant | : | and 1107671-1997 |
| | : | |
| | : | SUBMITTED: April 7, 2016 |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**                                   **DECIDED: July 19, 2016**

I join the Majority Opinion, writing only to emphasize two points.

First, on the question whether an "illegal" sentence is at issue here, I agree the proper primary approach, when retroactive relief from an otherwise-final judgment is sought under a new constitutional rule announced by the United States Supreme Court, must be according to the Supreme Court's developed jurisprudence on retroactivity — *i.e.*, *Teague v. Lane*, 489 U.S. 288 (1989) (plurality), and its progeny. I recognize there is broad language in prior cases suggesting *Apprendi*-based[1] claims implicate Pennsylvania law respecting "illegal sentences," and appellant invokes those cases here in an attempt to secure greater retroactive application of the new federal rule

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

announced in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013).[2] *See* Majority Opinion, slip op. at 5-6.

Notably, the Court has candidly struggled with the proper contours of the concept of sentencing illegality. A variety of expressions have highlighted the complexity, which includes the fact that a sentencing legality claim "can be offered for a variety of reasons." *Commonwealth v. Spruill*, 80 A.3d 453, 460-61 (Pa. 2013). *See Commonwealth v. Aponte*, 855 A.2d 800, 814-15 (Pa. 2004) (Castille, J., concurring) (advocating treating illegal sentencing claims in "less monolithic fashion" because doctrine may be offered for variety of reasons: to negate waiver on direct appeal, to seek substantive review despite statutory restrictions, to seek extraordinary jurisdiction *nunc pro tunc*, to avoid limitations upon retroactive application of new procedural rules, and to secure collateral review of sentence despite PCRA restrictions) (citing cases).

This case presents a specific claim of sentencing legality: a sentence is described as illegal to allow a new federal constitutional rule to have broader effect on final judgments than required by the United States Supreme Court, which devised the rule. I believe the Majority articulates a necessary limiting principle to the notion of what comprises an "illegal" sentence in this instance: a finding of illegality, concerning an already-final sentence, "may be premised on such a rule only to the degree that the new rule applies retrospectively." *See* Majority Opinion, slip op. at 7.

Second, I write to further stress the terms of the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-9546, under which appellant is proceeding, when assessing both whether his claim implicates an "illegal" sentence and whether the Court

---

[2] As the Majority notes, *Alleyne* derives from *Apprendi*.

should afford a broader retrospective application of *Alleyne*'s new rule. On the latter point, appellant avails himself of the state law residual power recognized in *Danforth v. Minnesota*, 552 U.S. 264 (2008), arguing for a state-level, broader Pennsylvania retroactivity rule premised upon generalized policy notions of fairness. *Id*. at 282. Any such argument must come to grips with the PCRA, a legislative expression of Pennsylvania policy. In a case presenting a similar question, this Court stressed:

> [L]itigants who may advocate broader retrospective extension of a new federal constitutional rule would do best to try to persuade this Court both that the new rule is resonate with Pennsylvanian norms *and* that there are good grounds to consider the adoption of broader retroactivity doctrine which would permit the rule's application at the collateral review stage. In the latter regard, the Court would benefit from recognition and treatment of the strong interest in finality inherent in an orderly criminal justice system, as well as the social policy and concomitant limitations on the courts' jurisdiction and authority reflected in the Post Conviction Relief Act.

*Commonwealth v. Cunningham*, 81 A.3d 1, 9 (Pa. 2013) (footnote omitted) (emphasis original).

The "eligibility for relief" provision of the PCRA does not speak of "illegal sentences," much less sentences argued to be illegal via retroactive operation of non-retroactive, new federal constitutional rules. Rather, the PCRA deems cognizable a claim that the petitioner is serving a sentence "greater than the lawful maximum." 42 Pa.C.S. §9543(a)(2)(vii). Although appellant forwards an artful argument under the statutory language, the argument ultimately fails because it depends upon an assumption that *Alleyne* applies retroactively. Appellant's Brief at 21-22.

The PCRA specifically addresses retroactivity in the context of new constitutional rights, but only in delineating exceptions to the PCRA time-bar; the provision is inapplicable as this petition was timely. *See* 42 Pa.C.S. §9545(b)(iii). In the time-bar exception context, the General Assembly indicated its awareness that courts issue new

constitutional rules on occasion, and those rules may, or may not, affect final judgments. As explained in a concurrence in *Cunningham*:

> Section 9545(b) [of the PCRA] recognizes that new constitutional rights (state or federal) may come into existence after a sentence is final, and indeed, after a defendant's right to PCRA review has been exhausted. The statute allows new constitutional rights to be vindicated, but only after the Court announcing the new right has also held that the right operates retroactively: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). This safety valve for vindication of new and retroactive rights is logically limited to pronouncements from the two courts of last resort that can recognize new rights and makes clear that the court of last resort announcing the new right should also issue the holding on the retroactivity of the new right. There is nothing irrational in the statute's accommodation of new constitutional rules in this manner. …

*Id.* at 12 (Castille, C.J., concurring).

Appellant plainly is not entitled to PCRA relief. If the United States Supreme Court were someday to hold *Alleyne* to be retroactive, Section 9545 would exist to vindicate that established right.